**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **HECTOR CORTEZ BARRETO,**<br>*Petitioner,*<br><br>v.<br><br>**MARKWAYNE MULLIN,** Secretary of the Department of Homeland Security; **TODD BLANCHE,** U.S. Attorney General; **JOHN E. RIFE,** Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; **J.L. JAMISON,** Warden, Federal Detention Center, Philadelphia**,**<br>*Respondents.* | **Civil No. 26-6389** |

**MEMORANDUM**

**Costello, J.** **September 11, 2026**

Before the Court is Hector Cortez Barreto's Petition for Writ of Habeas Corpus. Cortez Barreto is a citizen of Mexico who entered the United States in approximately 2009. ECF No. 1 ¶¶ 1, 7, 19. In August of 2026, law enforcement arrested Cortez Barreto for child endangerment, offensive touching, and breach of release. *Id.* ¶ 22; ECF No. 4 at 2; ECF No. 4-1 at 5-6. The State dropped all charges against Cortez Barreto but retained custody of him under a detainer filed by Immigration and Customs Enforcement ("ICE"). ECF No. 1 ¶¶ 22-23; ECF No. 4 at 2. On August 27, 2026, ICE took custody of Cortez Barreto under 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act ("INA") which generally does not permit release on bond. Cortez Barreto was transferred to ICE custody and detained at the Federal

Detention Center in Philadelphia, Pennsylvania. ECF No. 1 ¶¶ 3, 22-23. While there, he filed the instant Petition.

He argues that his mandatory detention without bond is unlawful. The Court agrees. *See Buele Morocho v. Warden Phila. FDC*, --- F.4th ---, Nos. 26-1150 & 26-1454, 2026 WL 2546223, at *3 (3d Cir. Aug. 28, 2026). In *Buele Morocho*, the Third Circuit held that § 1225 applies to noncitizens arriving at the border and does not apply to noncitizens already in the United States. *Id.* at *5, *7.[1] Accordingly, § 1225 does not apply to Cortez Barreto because he entered the United States several years ago and has lived here ever since. Instead, his detention is governed by § 1226 of the INA, which entitles him to a bond hearing. *See* ECF No. 1 ¶¶ 25-31; ECF No 4 at 1-2.

Cortez Barreto argues for his immediate release based on *Buele Morocho*. ECF No. 5 at 1-2. However, it appears that the petitioners in *Buele Morocho* did not have criminal records. *See* 2026 WL 2546223, at *10. Indeed, the Third Circuit was particularly focused on detention of "non-criminal individuals." *Id.* Here, Cortez Barreto was charged just last month with, among other things, child endangerment and offensive touching. ECF No. 4 at 2; ECF No. 4-1 at 5-6. The charges were apparently dropped. *Id.* Nonetheless, because of Cortez Barreto's

[1] Most courts of appeals have reached a similar conclusion. *See Guerrero Orellana v. Moniz*, --- F.4th ---, Nos. 25-2152 & 26-1094, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 84-88 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722-35 (6th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1164 (9th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237-38 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026). To date, only divided panels of the Fifth and Eighth Circuits have found the Government's interpretation of § 1225 to be correct. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026); *Avila v. Bondi, et al.*, 170 F.4th 1128, 1133-35 (8th Cir. 2026).

concerning criminal arrests, the Court will not order his immediate release. Instead, the Court will grant his Petition in part and order a bond hearing.

An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge